This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT __LEE__ COUNTY | ORDER FOR WAIVER OF COURT FEES | For Court Use Only **FILED** 4   OCT 0 1 2019   4 *Denise A McCaffrey* LEE COUNTY CIRCUIT CLERK BY _____ |
|---|---|---|

**Instructions ▼**

Directly above, enter the name of the county where the case was filed.

Enter the name of the person who started the lawsuit as Plaintiff/Petitioner.

Enter the name of the person being sued as Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk or leave this blank if you do not have one.

__Firas M. Ayoubi__
Plaintiff / Petitioner *(First, middle, last name)*

v.

__Hanesbrands inc. Et al.__
Defendant / Respondent *(First, middle, last name)*

__19L17__
Case Number

---

Enter your full name as "Applicant."

Applicant Name:  __Firas__   __M__   __Ayoubi__
                  First       Middle    Last

DO NOT check any boxes or fill in any more blanks on this form. The judge will complete the rest of the form.

The Court having reviewed the *Application for Waiver of Court Fees* hereby finds:

1. ☑ **The applicant qualifies for a full (100%) waiver of all fees, costs, and charges because** *(check only one)*:

   a. ☐ The applicant receives means-based government assistance under one or more of the following programs:
      - Supplemental Security Income (SSI) (Not Social Security)
      - Aid to the Aged, Blind and Disabled (AABD)
      - Temporary Assistance for Needy Families (TANF)
      - SNAP(Food Stamps)
      - General Assistance (GA), Transitional Assistance, or State Children and Family Assistance
      
      OR
   
   b. ☑ The applicant's personal income is 125% or less of the current poverty level as established by the U.S. Department of Health and Human Services and the Applicant's non-exempt assets under 735 ILCS 5/12-901 and 735 ILCS 5/12-1001 are such that the applicant is unable to pay the fees, costs, or charges;
      
      OR
   
   c. ☐ Payments of fees, costs, and charges would result in substantial hardship to the applicant or his or her family.

2. ☐ The applicant qualifies for a partial *(75%, 50%, or 25%)* waiver of all fees, costs, and charges because the applicant's household income is *(check one)*:
   - ☐ more than 125% but not greater than 150% *(75% waived)*; OR
   - ☐ more than 150% but not greater than 175% *(50% waived)*; OR
   - ☐ more than 175% but not greater than 200% *(25% waived)*
   
   of the current poverty level as established by the US Department of Health and and Human Services and the Applicant's non-exempt assets under 735 ILCS 5/12-901 and 735 ILCS 5/12-1001 are such that the applicant is unable

Enter the Case Number given by the Circuit Clerk: __19L17__

    to pay the fees, costs, or charges.

3. ☐ The applicant must **provide additional information and attend a hearing** before the court decides if the applicant qualifies for a fee waiver.

4. ☐ The applicant **does not qualify** for a fee waiver because *(must state specific reason)*:
   _____
   _____

IT IS HEREBY ORDERED:

A. ☑ *Application for Waiver of Court Fees* is **GRANTED**.
    i. ☑ The applicant qualifies for a **full waiver**, and may participate in this case without payment of fees, costs, or charges.
     OR
    ii. ☐ The applicant qualifies for a **partial fee waiver** as follows *(check one)*:
     ☐ **75%** of all fees, costs, and charges **are waived** *(and the applicant must pay 25% of all fees, costs, and charges)*.
     ☐ **50%** of all fees, costs, and charges **are waived** *(and the applicant must pay 50% of all fees, costs, and charges)*.
     ☐ **25%** of all fees, costs, and charges **are waived** *(and the applicant must pay 75% of all fees, costs, and charges)*.
   Charges included in this waiver are: filing, service of process, publication, mediation, guardian ad litem, or any other court ordered fees listed in 735 ILCS 5/5-105(a)(2)(1).
    ☐ The applicant must pay fees, costs, and charges currently due by: _____
                           Date
     OR
    ☐ Upon good cause shown, the applicant may make payments as follows *(describe deferral, installment plan, or other reasonable terms)*:
   _____
   _____

This order expires one year from the date of this order. The applicant may reapply before or after the expiration date.

B. ☐ *Application for Waiver of Court Fees* is **SET FOR HEARING** on _____
                             Date
   at _____ in courtroom: _____
     Time
   The applicant must bring the following documents: _____
   _____

C. ☐ *Application for Waiver of Court Fees* is **DENIED**.
   The applicant must pay all fees, costs, and charges currently due by: _____
                                   Date

| DO NOT complete this section. The judge will sign and date here. | ENTERED: _[signature]_ <br> Judge | __10/1/19__ <br> Date |
|---|---|---|

IN THE CIRCUIT COURT OF LEE COUNTY, ILLINOIS
FOR THE FIFTEENTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| FIRAS M. AYOUBI | § | |
| Plaintiff, | § | CIVIL ACTION NO: 19-L-17 |
| vs. | § | |
| | § | The Honorable: Douglas E. Lee |
| HANESBRANDS INC.; KEEFE GROUP L.L.C; ACCESS CATALOGUE CO.; FILA SPORTING GOODS CO. | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## COMPLAINT

Plaintiff FIRAS M. AYOUBI complains against the defendants, HANESBRANDS INC., KEEFE GROUP L.L.C, ACCESS CATALOGUE CO. and FILA SPORTING GOODS CO. (collectively referred to as "defendants") as follows:

## PRELIMINARY STATEMENT

This is a civil action arising from, and seeking damages against the defendants whom manufactured, distributed, marketed and sold products which were known to be, and in fact were defective in design, labels and packaging. Particularly, HANESBRANDS, KEEFE and ACCESS CATALOGUE COMPANY (hereinafter "Access") knowingly sold defective or otherwise factory reject t-shirts to the plaintiff and other prison populations. Plaintiff claims strict liability against hanesbrands inc under defective design and breach of warranty theories in that, the product failed to perform as a reasonable consumer would expect. They advertised a 'lay flat collar' that 'will never lose its shape', when in fact it comes defective

right out of the packaging and not what it's purported to be and after washing as directed, instantly loses more shape and continuity. Plaintiff also claims fraudulent concealment, negligent misrepresentation, unjust enrichment and claims under the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1 et seq. against these defendants in that, while in the course of interstate commerce and trade, jointly agreed to purchase/sell a knowingly defective product while obtaining benefit from plaintiff and other consumers' detriment and fraudulently concealing the known defects in their products. Further, plaintiff claims consumer fraud under the ICFA, fraudulent concealment, negligent misrepresentation, unjust enrichment and strict liability under defective design against Fila Sporting Goods Co. for knowingly providing Keefe Group and Access co. with factory defective shoes for the purposes of deceiving the purchasor and inducing sale of the product. Plaintiff seeks compensatory, actual, presumed and punitive damages against the defendants.

## THE PARTIES

- FIRAS AYOUBI- The Plaintiff, at all relevant times was a citizen of the state of Illinois and resided at the Pinckneyville correctional Center and Dixon Correctional Center of the Ill. Dep't of Corrections. His address is 2600 N Brinton Avenue, Dixon, IL, 61021

- HANESBRANDS INC.- A Defendant, at all times relevant was engaged in interstate commerce and trade with Keefe Group and Access Co. Hanesbrands is located at: 1000 E Hanes Mill Rd. Winston-Salem, NC, 27102.

- KEEFE GROUP L.L.C.- A Defendant at all relevant times was engaged in interstate commerce and trade with Hanesbrands and Fila and Access companies. Keefe Group is located at: 10880 Linpage, St.Louis, MO, 63132.

- ACCESS CATALOGUE CO.- A Defendant at all times relevant was engaged in interstate commerce and trade with Keefe, Fila and Hanesbrands. Access is located at: 13870 Corporate Wind Trail, Bridgeton, MO, 63044.

- FILA SPORTING GOODS CO.- A defendant was engaged in interstate commerce and trade with Keefe and Access Companies. They are located at: 930 Ridgebrook Rd., Starks-Glencoe, MD, 21152.

## STATEMENT OF FACTS
(facts pertinent to all counts)

1: On or about January 2018, Firas Ayoubi (hereinafter the "plaintiff") was transferred to the Pinckneyville Correctional center. Part of the IDOC.

2: Pinckneyville C.C. provides a commissary for inmates and for staff members. The commissary allows inmates and staff to buy various products which includes but is not limited to food, clothes, and hygiene products.

3: Particularly, they sell a Hanesbrand t-shirt product which consists of 3 white t-shirts. Sealed in original Hanes packaging which identifies the product as "Hanes tagless t-shirts" with a trademarked "wicking cool comfort fabric" and a "lay flat collar" with "preshrunk cotton".

4: Pinckneyville obtains this and most products which includes Hanesbrand tagless t-shirts from Keefe and Access co.. Commissary distributors who obtains products from manufacturers for the purpose of selling to inmates. Access is a afilliate/subsidiary of Keefe.

5: At all times relevant, PCC was purchasing or otherwise aquiring the Hanes t-shirts from Keefe and Access Co.

6: Keefe/Access intentionally purchases defective products on a regular basis for purposes of obtaining cheaper inventory for a greater profit. And omit the products defective nature from the consumer.

7: Hanes knew of their products defective design and factory reject nature and formulated a deal with Keefe/Access to sell the product anyway for the purpose of targeting it to inmate and prison populations.

8: Hanes had the requisite knowledge that the shirts were defective in design and substance before they packaged it. It was defective at the time it left Hanes's control.

9: Hanes packaged the shirts in a package that identified them as "lay flat collar that will never lose its shape" and with a "perfect fit" wash after wash while knowing that it was defective and had a mishaped collar and defective sleeve seems etc. That will strech further after washing and certainly not a "perfect fit".

10: Hanes however didn't decide to reconstitute the shirts or re-manufacture them or donate them, those would have been more expensive options.

11: Instead, they ventured with Keefe/Access Co. to package it as a normal shirt they sell in other locations with components not found in competitive brands (e.g. lay flat collar) and deceive the purchaser and market it and sell it fraudulently to obtain profit.

12: Keefe/Access then sells the defective shirts to PCC at a high cost which winds up being sold to inmates for approx $16.00 for a pack of 3 t-shirts. More than what their sold for to the public.

13: Keefe/Access co. not surprisingly, have a common practice of purchasing factory defective products from many manufacturers, including Hanes, in order to obtain greater profit.

14: Hanes shirt packaging provided a warranty or implied warranty to the condition and performance of the product. That this lay flat collar "will never lose its shape" and fit "perfect" wash after wash.

15: The package's markings were not consistent with the true nature and performance of the product.

16: It was intentionally packaged in such a way to deceive the purchaser.

17: Plaintiff did not expect the shirts to come with such a defect because of the promises in the label and its expensive cost.

18: Plaintiff continued to purchase this product hoping to come up on a good batch and assumed it was a isolated incident. He learned that they were all defective in design, substance, continuity and labeling. They were falsely advertised and fraudulent.

19: Not PCC, Hanes, Keefe or Access Co. notified the plaintiff of the true nature of the product.

20: Hanes, Keefe and Access relied upon the false statements when marketing and selling it to plaintiff.

21: Defendants made profit off of plaintiffs detriment. Being a consumer and having the right to know about the true nature of their product and his status as a prisoner and not having many choices.

22: The product was also and remained defective at the time it left Keefe and Access's control. It remained sealed in Hanes Packaging.

23: The sealed t-shirts remaied sealed in their original factory packaging, untampered at the time it left PCC's control at the point of sale.

24: Plaintiff was transferred to the Dixon Correctional center on or about August/September 2018.

25: The Dixon correctional center also aquires products from Access and Keefe Group L.L.C.

26: Keefe and Access co knowingly formed an aggreement with Fila sporting goods co. to purchace factory defective shoes with major flaws, inconsistencies and defects in order to gain profit.

27: Fila knowingly sold keefe and access co. factory reject shoes that they wouldnt normally sell to the public in order to gain profit from deceiving and defrauding plaintiff and other inmate populations..

28: The shoes, upon immediate observation appear defective and inconsistent in shape and appearance. Dixon C.C. chaged approximate $40.00 for each pair of these shoes. Plaintiff purchased the shoes approximately 4 times. All of which were defective and appeared very inconsistent.

COUNT 1

VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT 815 ILCS 505/1 et seq AGAINST KEEFE GROUP L.L.C., ACCESS CATALOGUE COMPANY, HANESBRANDS AND FILA CO.

29: Plaintiff incorporates by reference paragraphs 1-28 as though fully set forth in this count 1.

30: Hanesbrands failed to disclose a known defect in its product in design, substance and continuity.

31: Hanesbrands knew of a substantial defect in their product before they packaged it. And knowingly packaged it into a package that identified the product as something Hanes knew it was not. That it had a lay flat collar that will never lose its shape. And fits perfect no matter how many times it was washed.

32: Hanes acted in deliberate falsehood in the manufacture, and market and sale of their product. And further ventured into an agreement with Keefe/Access, in tandem, to conspire in this falsehood to make profit for their companies.

33: Hanes made a choice to fraudulently market and sell a defective product than go through the fiscal burden of re-manufacturing the shirts or researching a better design or manufacturing method.

34: Hanes acted deceptively and fraudulently in the manufacture, market and sale of their product and therefore, are liable under the Illinois consumer fraud and deceptive business practice act.

35: Keefe and Access Co. knowingly purchased a product from Hanes and Fila knowing that the products were defective and or packaged and marketed fraudulently. Keefe and Access company capitalized off that falsehood.

36: Keefe and Access worked in tandem with Hanes and Fila and presented the products deliberately to sell it by purporting it tp be what the label advertised it to be (which it wasnt) for the purpose of loading up on inventory and increasing profit.

37: Keefe and Access knowingly and intentionally ventures to buy defective and factory reject products from companies in order to deceive and take advantage of prisoners and to obtain profit.

38: Keefe and Access acted deceptively and fraudulently in the marketing, distribution and sale of their product and therefore, are liable under the Illinois Consumer Fraud and Deceptive Business practice Act.

39: Fila knew of a substantial defect in their shoe product before they sold it to Keefe. And knowingly sold it with intent that it be targeted to inmates, and having intent to dodge public scrutiny in their product by directing it to be sold exclusively to inmates.

40: Fila took advantage of a particularly vunerable type of consumer for financial gain. They acted deceptively in the market, and sale of their product and are liable under the ICFA.

41: These companies actions caused injury to the plaintiff, and others as consumers.

## COUNT 2

### STRICT LIABILITY UNDER DEFECTIVE DESIGN AGAINST HANESBRANDS AND FILA SPORTING GOODS COMPANY

42: Plaintiff incorporates by reference paragraphs 1-34 as though fully set forth in this count 2.

43: The Hanes tagless t-shirt with lay flat collar design is defective. It failed to perform as a normal consumer would expect. In that, a consumer would not expect t-shirts to be stretched and worn out upon purchase, or for the stretching to worsen after even 1 wash. Especially one as advertised to have a collar that will "never" lose its shape and a shirt with a "perfect fit" everytime.

44: Hanes could have changed the way their product is designed and the way its manufactured to ensure consistency in demension, size shape and continuity and equally as important, to be in lockstep with what is advertised and promised. But here, they clearly did not.

45: Hanes is strictly liable for their products defective design.

46: The Fila model 1BM00191-100 is defective. It failed to perform as a normal consumer would expect. The shoes are inconsistent and offset. The size/shape doesnt match. Not only is it physically inconsistent in appearance. It has potential to affect a persons walk or stature. Fila could have not sold these defective shoes, and had the option to find a better manufacturing method, but they chose not to.

47: Fila is strictly liable for their products defective design.

COUNT 3

STICT LIABILITY UNDER BREACH OF WARRANTY
AGAINST HANESBRANDS INC.

48: Plaintiff incorporates by reference paragraphs 1-47 as though fully set forth in this count 3.

49: On August 1, 2018 plaintiff sent notification to Hanesbrands regarding the condition of their product, and the inconsistency and false nature of their packaging. They were therefore notified of their breach of warranty.

50: Hanesbrands, in their packaging, conveyed a promise and a warranty to the consumer, by stating the lay flat collar will "never lose its shape" and "preshrunk cotton for a perfect fit wash after wash" and went on by guaranteeing satisfaction on this product in the packaging. Not only did they know that this statement was false, they breached the warranty that was expressed in their package.

51: Not surprisingly, after they were notified of their breach of warranty, Hanes continues to churn out yet more defective shirts to Keefe and Access Company and continue to sell the same shirts at (at least) the Pinckneyville Correctional Center.

52: Hanes is liable for Breach Of Warranty expressed to Plaintiff.

COUNT 4

UNJUST ENRICHMENT AGAINST HANESBRANDS INC., KEEFE GROUP L.L.C.,
ACCESS CATALOGUE COMPANY AND FILA SPORTING GOODS COMPANY

53: Plaintiff incorporates by reference paragraphs 1-52 as though fully set forth in this count 4.

54: Hanesbrands manufactured this product which they knew was defective and a factory reject and decided to target its sale, in its defective form, to inmates with the help of Keefe and Access co. to save on costs associated with reproduction or re-manufacturing for profit.

55: Hanes knew of the products condition and defective state and made a choice to package it in a package that purported it to be something it was not, and perform a function they knew it could not perform. They packaged it deceptively to obtain profit.

56: Fila manufactured their product which they knew was defective and a factory reject and targeted its sale in its defective form to inmates with the motivation of obtaining profit while escaping public scrutiny of their defective product.

57: These companies benefited revenue off of selling a fraudulent product(s) to the detriment of the plaintiff (and others similarly situated) as consumers which is his legal right as a consumer to be informed of the true nature and risks of a product. And further because of the circumstances of his incarceration of not having an option over whats offered to him to purchase on the commissary.

58: This is not isolated to only hanes t-shirts and fila shoes, Keefe and Access co. conduct business like this regularly. They venture with many companies to purchase factory rejects on a regular basis.

59: Keefe and Access co. knowingly sold plaintiff factory defective products they knew was not consistent with their packaging.

60: Keefe, Access co., Fila and Hanes retained increased profit and revenue to the detriment of the plaintiff.

61: The retention of benefits and profit these companies aquired by use of this unlawful practice violates the principles of justice, equity, and good concience.

62: Keefe, Access, Hanes and Fila were unjustly enriched at a cost of plaintiffs detriment.

## COUNT 5

### FRAUDULENT CONCEALMENT AGAINST HANESBRANDS INC., KEEFE GROUP L.L.C., ACCESS CATALOGUE CO., AND FILA SPORTING GOODS CO.

63: Plaintiff incorporates by reference paragraphs 1-62 as though fully set forth in this count 5.

64: Hanes, Access, Keefe and Fila were under a duty to disclose all material facts about their products defective condition to the Plaintiff and similarly situated individuals.

65: Instead, they decided to do the opposite. Conceal their products defective state by packaging it with a label that announces the complete opposite.

66: Hanes acted deceptively in packaging their product in order to induce sale of the product to the consumer. While at the same time omitting its true nature.

67: Fila acted deceptively in packaging their product in order to induce its sale to the consumer, while at the same time omitting its true nature.

68: Keefe and Access co. acted deceptively in facilitating and entering into an aggreement or business venture with Hanes, Fila and other companies to specifically target people under duress. Inmates. People with not much of a choice, for profit.

69: Hanes, Keefe and Access relied upon their packagings misrep-resentations when selling it to plaintiff. To entice him (and others) to buy a t-shirt that was purported to last and "never lose its shape" and a "perfect fit".

70: Further, Keefe, Access, Hanes knew of the products state, and knew the condition in which the product was, would require an individual to keep having to purchase the product because it stretches more and more after repeated washing.

71: The deception, concealment and fraud in regards to the state of their product and its fraudulent marketing and distribution occurred in the course of conduct involving interstate trade and commerce.

72: Hanes, Keefe, Access co and Fila's fraud proximately caused plaintiff's (and others similarly situated) injury as a consumer.

73: Hanes, Keefe, Access and Fila are liable for fraudulent concealment.

### COUNT 6

### NEGLIGENT MISREPRESENTATION AGAINST HANESBRANDS INC., KEEFE GROUP L.L.C., ACCESS CATALOGUE CO. AND FILA SPORTING GOODS COMPANY

74: Plaintiff incorporates by reference paragraphs 1-73 as though fully set forth in this count 6.

75: Hanes, Keefe, Access and Fila had a duty to convey true and accurate information to plaintiff, the public and others similarly situated.

76: The defendants were careless and negligent in asserting the truth of their statements. That their product has a collar that will never lose its shape and has a perfect fit everytime no matter how many times it was washed, which they knew was false on top of omitting the present condition.

77: Hanes, Keefe, Access and Fila negligently misrepresented their product to the public, and to the consumer.

CONCLUSION

This is a specially unusual case of consumer fraud where (at least) four separate companies come together, with a equally common and sinister goal, to take advantage of a particularly vunerable type of consumer who is helpless to what they are able to purchase. They ceased the opportunity to escape public scrutiny for their defective products while at the same time reaping the benefits. They ceased the opportunity to package their factory rejects in packaging that falsely represented it to be something that it was not. Its an abuse of a duty owed to the public and a discredit to the industry. Plaintiff (and others) was injured as a result of these companies brazen fraud. GIven the size and affluence of their companies, plaintiff seeks compensatory, presumed, actual and punitive damages over the jurisdictional minnimum not only to reasonably compensate plaintiff but also to punish and deter the defendants, and others from doing the same.

*Plaintiff certifies under penalties provided by law that the statements made herein are true and correct to the best of his knowledge, information and belief*

Dated June 5, 2019

RESPECTFULLY SUBMITTED,

s/ *[signature]*

Firas Ayoubi #R66956
Dixon C.C.
2600 N Brinton Ave
Dixon, IL, 61021

## NOTIFICATION OF BREACH OF WARRANTY

To: Hanesbrands Inc.

From: Firas Ayoubi

Re: Product design, labeling, and breach of warranty

I'm writing to notify you that I recently purchased your product. I would estimate I purchased it a few to several times recently. Its identified as "tagless t-shirts" with "lay flat collar". Your label/packaging alleges it has a "lay flat" collar that "will never lose its shape". In reality, you collars come very thin. Not at all like the photo on the front of the packaging. It comes with a mishaped collar that gets further mishaped and stretched immediately after washing ( in accordance with your washing intructions ). I paid roughly $15.00 every time I went out and purchased your product. I was expecting that maybe not all of them were defective. Turns out that they all were in fact defective. Please consider this as your notification of your breach of warranty as required under Illiinois law 810 ILCS 5/2-607(3)(a) and the UCC.

Sincerely,
s/ [signature]

Dated: July 31, 2018

Firas Ayoubi #R66956
Pinckneyville, c.c
5835 State Route 154
Pinckneyville IL 622 74

Enter the Case Number given by the Circuit Clerk: __19L17__

3. ☐ The applicant must **provide additional information and attend a hearing** before the court decides if the applicant qualifies for a fee waiver.

4. ☐ The applicant **does not qualify** for a fee waiver because *(must state specific reason)*:
_____
_____

**IT IS HEREBY ORDERED:**

A. ☑ *Application for Waiver of Court Fees* is **GRANTED**.
    i. ☑ The applicant qualifies for a **full waiver**, and may participate in this case without payment of fees, costs, or charges.
       **OR**
    ii. ☐ The applicant qualifies for a **partial fee waiver** as follows *(check one)*:
       ☐ **75%** of all fees, costs, and charges are waived (*and the applicant must pay 25% of all fees, costs, and charges*).
       ☐ **50%** of all fees, costs, and charges are waived (*and the applicant must pay 50% of all fees, costs, and charges*).
       ☐ **25%** of all fees, costs, and charges are waived (*and the applicant must pay 75% of all fees, costs, and charges*).

Charges included in this waiver are: filing, service of process, publication, mediation, guardian ad litem, or any other court ordered fees listed in 735 ILCS 5/5-105(a)(2)(1).

☐ The applicant must pay fees, costs, and charges currently due by: _____
                                                                      *Date*

**OR**

☐ Upon good cause shown, the applicant may make payments as follows *(describe deferral, installment plan, or other reasonable terms)*:
_____
_____

This order expires one year from the date of this order. The applicant may reapply before or after the expiration date.

B. ☐ *Application for Waiver of Court Fees* is **SET FOR HEARING** on _____
                                                                                                     *Date*

at _____ in courtroom: _____
   *Time*

The applicant must bring the following documents: _____
_____

C. ☐ *Application for Waiver of Court Fees* is **DENIED**.
The applicant must pay all fees, costs, and charges currently due by: _____
                                                                                                    *Date*

| DO NOT complete this section. The judge will sign and date here. | ENTERED: _[signature]_            10/1/19 |
|---|---|
| | *Judge*                                          *Date* |

right out of the packaging and not what it's purported to be and after washing as directed, instantly loses more shape and continuity. Plaintiff also claims fraudulent concealment, negligent misrepresentation, unjust enrichment and claims under the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1 et seq. against these defendants in that, while in the course of interstate commerce and trade, jointly agreed to purchase/sell a knowingly defective product while obtaining benefit from plaintiff and other consumers' detriment and fraudulently concealing the known defects in their products. Further, plaintiff claims consumer fraud under the ICFA, fraudulent concealment, negligent misrepresentation, unjust enrichment and strict liability under defective design against Fila Sporting Goods Co. for knowingly providing Keefe Group and Access co. with factory defective shoes for the purposes of deceiving the purchasor and inducing sale of the product. Plaintiff seeks compensatory, actual, presumed and punitive damages against the defendants.

## THE PARTIES

- FIRAS AYOUBI- The Plaintiff, at all relevant times was a citizen of the state of Illinois and resided at the Pinckneyville correctional Center and Dixon Correctional Center of the Ill. Dep't of Corrections. His address is 2600 N Brinton Avenue, Dixon, IL, 61021

- HANESBRANDS INC.- A Defendant, at all times relevant was engaged in interstate commerce and trade with Keefe Group and Access Co. Hanesbrands is located at: 1000 E Hanes Mill Rd. Winston-Salem, NC, 27102.

- KEEFE GROUP L.L.C.- A Defendant at all relevant times was engaged in interstate commerce and trade with Hanesbrands and Fila and Access companies. Keefe Group is located at: 10880 Linpage, St.Louis, MO, 63132.

- ACCESS CATALOGUE CO.- A Defendant at all times relevant was engaged in interstate commerce and trade with Keefe, Fila and Hanesbrands. Access is located at: 13870 Corporate Wind Trail, Bridgeton, MO, 63044.

- FILA SPORTING GOODS CO.- A defendant was engaged in interstate commerce and trade with Keefe and Access Companies. They are located at: 930 Ridgebrook Rd., Starks-Glencoe, MD, 21152.

## STATEMENT OF FACTS
(facts pertinent to all counts)

1: On or about January 2018, Firas Ayoubi (hereinafter the "plaintiff") was transferred to the Pinckneyville Correctional center. Part of the IDOC.

2: Pinckneyville C.C. provides a commissary for inmates and for staff members. The commissary allows inmates and staff to buy various products which includes but is not limited to food, clothes, and hygiene products.

3: Particularly, they sell a Hanesbrand t-shirt product which consists of 3 white t-shirts. Sealed in original Hanes packaging which identifies the product as "Hanes tagless t-shirts" with a trademarked "wicking cool comfort fabric" and a "lay flat collar" with "preshrunk cotton".

4: Pinckneyville obtains this and most products which includes Hanesbrand tagless t-shirts from Keefe and Access co.. Commissary distributors who obtains products from manufacturers for the purpose of selling to inmates. Access is a afilliate/subsidiary of Keefe.

5: At all times relevant, PCC was purchasing or otherwise aquiring the Hanes t-shirts from Keefe and Access Co.

6: Keefe/Access intentionally purchases defective products on a regular basis for purposes of obtaining cheaper inventory for a greater profit. And omit the products defective nature from the consumer.

7: Hanes knew of their products defective design and factory reject nature and formulated a deal with Keefe/Access to sell the product anyway for the purpose of targeting it to inmate and prison populations.

8: Hanes had the requisite knowledge that the shirts were defective in design and substance before they packaged it. It was defective at the time it left Hanes's control.

9: Hanes packaged the shirts in a package that identified them as "lay flat collar that will never lose its shape" and with a "perfect fit" wash after wash while knowing that it was defective and had a mishaped collar and defective sleeve seems etc. That will strech further after washing and certainly not a "perfect fit".